Indian claims; Indian Claims Commission; appellate review by Court of Claims; offsets. — This case came before the court on appeal from an interlocutory order of the Indian Claims Commission of December 27, 1971, in its Docket No. 95. Upon consideration thereof, together with the briefs of the parties and oral argument of counsel, the court, by order *1089 announced June 1, 1973, beld the various contentions of the appeal to ¡be without merit, with one exception.
A. The Tribe’s Appeal:
1. Appellant’s argument revolving around the claim that the Government was required by the 1837 treaty to invest “in safe State stocks” and to guarantee the Indians an annual income of “not less than five percent” was not made to the Commission below and is therefore not properly before this court. The Commission did not err in refusing to treat the payments under the 1837 treaty on a strict year-by-year basis.
2. The Commission did not err with respect to the 1842 treaty. In that connection, the Commission could permissibly find, on the record, that (a) Congress twice appropriated in June 1844 sums of $40,000 for payments under this treaty, and that two such disbursements were actually made, and (b) the $40,000 appropriation in 1909 should be properly credited to the calendar year 1909. Appellants are wrong in urging that the Government is barred from now asserting an overpayment under the 1842 treaty by its failure to make such a claim prior to this litigation. Conversely, appellants cannot now claim that the overpayments constituted gratuitous expenditures included in the previous settlement with respect to gratuities; that point was not raised below and is accordingly not available in this court.
3. The Commission did not err in holding that appellants had failed to show that the Government breached its treaty obligations when the amounts actually expended were less than the amounts appropriated. Appellants had that burden. Shoshone Tribe of Indians v. United States, 82 Ct. Cl. 23, 85-86 (1935), reversed on other grounds, 299 U.S. 476 (1937). On this point the dissent in Creek Nation v. United States, 152 Ct. Cl. 747, 748, 763-64 (1961), affirmed by an equally divided Court, 370 U.S. 157 (1962), is not to the contrary; rather, the dissenting opinion concluded, in treating with the comparable situation in that case, “that appellant [the Creek Nation] has laid sufficient basis for a conclusion that appellee [the United States] failed to fulfill its obligations * * *.” In the present case, the Commission could properly find that *1090 the appellants have not laid an adequate basis for concluding that the Government failed to fulfill its treaty responsibilities.
4. The Government has conceded and continues to concede that the sum of $68,089.43 mentioned in finding 19 is due and owing the appellant Iowa Sac and Fox. There is no' reason why the Commission cannot enter judgment for this sum and the Commission erred in failing to do so. The appellant is entitled to such a judgment on the appellee’s concession.
B. ~ The Government’s cross-appeal:
1. The Commission did not err when it ordered recovery by appellants of deficiencies of $20,421.78 (less any allowable gratuitous offset), although it found that the Government had made overpayments to appellants totaling $110,099.30. In the circumstances of this case the Government is not entitled to be credited with so much of the overpayments as may be necessary to offset the award of $20,421.78. By far the greatest bulk of the overpayments related to obligations and treaties separate from those in which the deficiencies occurred, and moreover cross-appellant has failed to show that the overpayments were not gratuities included in the previous settlement of gratuitous expenditures.
it is therefore ordered that the interlocutory order of the Indian Claims Commission of December 27,1971, be and the same is affirmed except that the Commission’s order is reversed insofar as the Commission failed to enter judgment for the sum of $68,089.43 referred to in the Commission’s finding 19 and the Commission is directed to enter judgment for the Iowa Sac and Fox for said sum.
On October 17, 1973 the court denied the motion by the United States for rehearing to amend the order of June 1, 1973.